IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANCINE PICKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) 2:23-cv-201-JB-B |
| AMERICAN BANKERS | ) |
| INSURANCE COMPANY, | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND COUNTERCALIM OF DEFENDANT AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY

COMES now American Modern Property and Casualty Insurance Company ("AMPAC") and responds to the plaintiff's Complaint as follows:

## STATEMENT OF THE PARTIES

1. Upon information and belief, defendant admits the allegations contained in paragraph 1.

2. Upon information and belief, defendant admits the allegations contained in paragraph 2.

3. Defendant admits that it is a foreign corporation with its principal place of business in the state of Ohio. The remaining allegations contained in paragraph 3 are denied.

4. Upon information and belief, defendant admits the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 do not attempt to state a cause of action against this defendant, thus no response to the said allegations by this defendant is required. If this defendant is incorrect in its interpretation of the allegations contained in paragraph 5, for answer thereto, the said allegations are denied.

6. The allegations contained in paragraph 6 do not attempt to state a cause of action against this defendant, thus no response to the said allegations by this defendant is required. If this defendant is incorrect in its interpretation of the allegations contained in paragraph 6, for answer thereto, the said allegations are denied.

7. Defendant denies the allegations contained in paragraph 7 and demands strict proof thereof.

## STATEMENT OF THE FACTS

8. Defendant admits that the plaintiff consulted with The Davison Insurance Agency about the purchase of insurance for her mobile home. The remaining allegations contained in paragraph 8 are denied.

9. Defendant admits that the plaintiff consulted with The Davison Insurance Agency about the purchase of insurance for her mobile home. The remaining allegations contained in paragraph 9 are denied.

10. Defendant admits that the plaintiff signed an application presented to her by an insurance broker acting on her behalf in order to obtain insurance with American Modern Property and Casualty Insurance Company. The remaining allegations contained in paragraph 10 are denied.

11. Defendant admits that American Bankers Insurance Company cancelled a prior policy of insurance issued to the plaintiff for her mobile home. The remaining allegations contained in paragraph 11 are denied.

12. Defendant denies the allegations contained in paragraph 12 and demands strict proof thereof.

13. Defendant denies the allegations contained in paragraph 13 and demands strict proof thereof.

14. Defendant denies the allegations contained in paragraph 14 and demands strict proof thereof.

15. Defendant denies the allegations contained in paragraph 15 and demands strict proof thereof.

16. Defendant admits that a fire occurred at the plaintiff's mobile home in September 2022. The remaining allegations contained in paragraph 16 are denied.

17. Defendant denies the allegations contained in paragraph 17 and demands strict proof thereof.

18. Defendant denies the allegations contained in paragraph 18 and demands strict proof thereof.

19. Defendant denies the allegations contained in paragraph 19 and demands strict proof thereof.

20. Defendant denies the allegations contained in paragraph 20 and demands strict proof thereof.

21. Defendant denies the allegations contained in paragraph 21 and demands strict proof thereof.

22. Defendant denies the allegations contained in paragraph 22 and demands strict proof thereof.

23. Defendant denies the allegations contained in paragraph 23 and demands strict proof thereof.

## COUNT I

## (CIVIL CONSPIRACY)

24. Defendant adopts and incorporates by reference, as if fully set forth herein, its responses to the allegations set forth in paragraphs 1-23.

25. Defendant denies the allegations contained in paragraph 25 and demands strict proof thereof.

26. Defendant denies the allegations contained in paragraph 26 and demands strict proof thereof.

WHEREFORE, premises considered, defendant prays for a judgment in its favor, taxing costs of this matter to the plaintiff.

## COUNT II

## (BAD FAITH)

27. Defendant adopts and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1-26.

28. Defendant denies the allegations contained in paragraph 28 and demands strict proof thereof.

29. Defendant denies the allegations contained in paragraph 29 and demands strict proof thereof.

30. Defendant denies the allegations contained in paragraph 30 and demands strict proof thereof.

31. Defendant denies the allegations contained in paragraph 31 and demands strict proof thereof.

WHEREFORE, premises considered, defendant prays for a judgment in its favor, taxing costs of this matter to the plaintiff.

## COUNT III

## BREACH OF CONTRACT

32. Defendant adopts and incorporates by reference, as if fully set forth herein, its responses to the allegations set forth in paragraphs 1-31.

33. Defendant denies the allegations contained in paragraph 33 and demands strict proof thereof.

34. Defendant denies the allegations contained in paragraph 34 and demands strict proof thereof.

35. Defendant denies the allegations contained in paragraph 35 and demands strict proof thereof.

36. Defendant denies the allegations contained in paragraph 36 and demands strict proof thereof.

WHEREFORE, premises considered, defendant prays for a judgment in its favor, taxing costs of this matter to the plaintiff.

## COUNT IV

## (COMBINED AND CONCURRING CONDUCT)

37. Defendant adopts and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1-36.

38. Defendant denies the allegations contained in paragraph 38 and demands strict proof thereof.

39. Defendant denies the allegations contained in paragraph 39 and demands strict proof thereof.

WHEREFORE, premises considered, defendant prays for a judgment in its favor, taxing costs of this matter to the plaintiff.

## COUNT V

## (NELIGENT AND WANTON PROCUREMENT OF INSURANCE POLICY)

40. Defendant adopts and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1-39.

41. The allegations contained in paragraph 41 do not attempt to state a claim against this defendant, thus no response to the said allegations is required by this defendant. If this defendant is incorrect in its interpretation of the allegations contained in paragraph 41, the said allegations are denied.

42. Defendant denies the allegations contained in paragraph 42 and demands strict proof thereof.

WHEREFORE, premises considered, defendant prays for a judgment in its favor, taxing costs of this matter to the plaintiff.

## COUNT VI

## NEGLIGENCE

43. Defendant adopts and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1-42.

44. The allegations contained in paragraph 44 do not attempt to state a claim against this defendant, thus no response to the said allegations is required by this defendant. If this defendant is incorrect in its interpretation of the allegations contained in paragraph 44, the said allegations are denied.

45. Defendant denies the allegations contained in paragraph 45 and demands strict proof thereof.

WHEREFORE, premises considered, defendant prays for a judgment in its favor, taxing costs of this matter to the plaintiff.

## COUNT VII

## DECLARATORY JUDGMENT

46. Defendant adopts and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1-45.

47. Defendant admits the allegations contained in paragraph 47.

WHEREFORE, premises considered, defendant prays for a judgment in its favor, taxing costs of this matter to the plaintiff.

## COUNT VIII

## FICTITIOUS DEFENDANTS

48. Defendant adopts and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1-47.

49. The allegations contained in paragraph 49 do not attempt to state a claim against this defendant, thus no response to the said allegations is required by this defendant. If this defendant is incorrect in its interpretation of the allegations contained in paragraph 49, the said allegations are denied.

50. The allegations contained in paragraph 50 do not attempt to state a claim against this defendant, thus no response to the said allegations is required by this defendant. If this defendant is incorrect in its interpretation of the allegations contained in paragraph 50, the said allegations are denied.

WHEREFORE, premises considered, defendant prays for a judgment in its favor, taxing costs of this matter to the plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The defendant made material misrepresentations in her insurance application.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which punitive damages may be awarded against this defendant.

## THIRD AFFIRMATIVE DEFENSE

AMPAC affirmatively denies that any damages claimed by the plaintiff were the proximate result of any alleged wrongful conduct on the part of this defendant.

## FOURTH AFFIRMATIVE DEFENSE

AMPAC denies generally the extent of the damages claimed by the plaintiff and demands strict proof thereof.

## FIFTH AFFIRMATIVE DEFENSE

AMPAC properly and fully investigated the plaintiff's claim and submitted the results of the investigation to a cognitive evaluation and review.

## SIXTH AFFIRMATIVE DEFENSE

AMPAC denies that is breached any contract with the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

AMPAC is not guilty of bad faith in its dealings with the plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

AMPAC affirmatively alleges that it had an arguable basis to support its dispute over the validity of the plaintiff's claim.

## NINTH AFFIRMATIVE DEFENSE

Had AMPAC known of the misrepresentations contained in the plaintiff's insurance application, it would not have issued the insurance policy to the plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The parties engaged in an arms-length transaction, therefore, the plaintiff is bound by her representations in the insurance application.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the plaintiff's own fraud, misrepresentations and/or mistakes.

## TWELFTH AFFIRMATIVE DEFENSE

AMPAC pleads the defenses of estoppel and waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

AMPAC affirmatively denies that any damages claimed by the plaintiff were the proximate result of any alleged wrongful conduct on the part of AMPAC.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff's damages were caused by the actions of someone over whom this defendant exercised no control and thus is not liable for those actions.

## SIXTEENH AFFIRMATIVE DEFENSE

The plaintiff had the judgment and financial acumen and educational background sufficient to understand the insurance product presented to her and had an opportunity to make any necessary corrections before signing the application.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff had an opportunity to review and correct any alleged errors on the insurance application before signing it.

## EIGHTEENTH AFFIRMATIVE DEFENSE

AMPAC did not breach any duty, if any, that it may have owed the plaintiff.

## NINTEENTH AFFIRMATIVE DEFENSE

AMPAC pleads that the plaintiff could not have reasonable relied upon any alleged misrepresentations made to her.

## TWENTIETH AFFIRMATIVE DEFENSE

The plaintiff breached the insurance policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff cannot recover any special damages not specifically pled in her Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AMMPAC avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Ala. Code § 6-11-21 (Repl. Vol. 1993).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Under the Constitution of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive

damages through judicial decision. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331, 129 L.Ed. 2d 336 (1996).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

With respect to the plaintiff's demands herein for punitive damages, AMPAC specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in BMW of North America v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

AMPAC avers that plaintiff's claim for punitive damages is unconstitutional in that it violates the due process clause of the Fourteenth Amendment to the United States Constitution in that it allows for arbitrary changes in permitted punishment for prescribed acts as condemned by the *ex post facto* clause of Article I, Section 10(1) of the United States Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AMPAC avers that the existing law of Alabama with respect to punitive damages is unconstitutional in that it is impermissibly vague and incomprehensible in that no standard is given a jury for determining the amount to be awarded.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AMPAC avers that the plaintiff's claim under Alabama law for punitive damages is unconstitutional in that it violates the Federal Constitution's prohibition against the imposition of excessive fines and bail as provided by the Eighth Amendment to the United States Constitution, applicable to the State of Alabama by virtue of the Fourteenth Amendment to the United States Constitution, as well as Article I, Section 15 of the Constitution of Alabama.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages under Alabama law would violate the 4th, 5th, 6th, 8th and 14th Amendments of the United States Constitution in each of the following ways:

(a)    Alabama law permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injury, thereby violating the 14th Amendment of the U.S. Constitution.

(b)    Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational governmental interest, thereby violating the 5th and 14th Amendments of the U.S. Constitution.

(c )    The award of any punitive damages without specific standards to guide the jury's discretion in determining the amount of damages

is contrary to due process under the 14th Amendment of the U.S. Constitution.

(d)     Alabama does not provide a reasonable limit on the amount of any punitive damages award, thus violating the 14th Amendment to the U.S. Constitution

(e)     The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the 14th Amendment of the U.S. Constitution.

(f)     Alabama fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the 5th and 14th Amendments of the United States Government.

(g)     Alabama law permits civil punishment upon a standard of proof less than that required for the imposition of criminal sanctions.

(h)     Alabama law permits joint and several punishment of defendants who are guilty of different acts and degrees of culpability.

(i)     Alabama law permits multiple awards of punitive damages for the same alleged act or omission.

(j)     Alabama law permits punitive damages to be awarded in whole or part upon evidence of extra-territorial acts or alleged misconduct which are subject to civil, criminal or regulatory sanction outside of this jurisdiction.

## THIRTIETH AFFIRMATIVE DEFENSE

The state law and procedures governing the plaintiff's punitive damages claims violate the Fifth Amendment guarantee against self-incrimination under the U.S. Constitution because said claim is penal in nature, while AMPAC is required to disclose documents and/or other evidence against its own interest under the rules of discovery and evidence.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff's claim for damages is subject to the limitations contained in Ala. Code Section 6-11-20 (1975) (Clear and Convincing Evidence Standard), Ala. Code Section 6-11-20 (1975) (Punitive Damages), and Ala. Code Section 12-21-12(e) (1975) (Substantial Evidence Standard).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The plaintiff's claim of punitive damages violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of

an award of punitive damages thereby violating AMPAC's right of substantive due process.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claim of punitive damages violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of any award against AMPAC, thereby violating AMPAC's right of substantive due process.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

An award of punitive damages against AMPAC would be violative of the Eighth Amendment's prohibition against excessive fines in both the Alabama and United States Constitutions.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

An award of punitive damages against AMPAC would be in violation of the substantive and procedural due process provisions of the Fourteenth Amendment to the United States Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

AMPAC affirmatively alleges that the plaintiff made material misrepresentations relative to the claim and the insurance involved, thereby breaching the policy of insurance and forfeiting any rights to benefits thereunder.

## THIRTY-EIGHTH  AFFIRMATIVE DEFENSE

The claim made the basis of this action is fairly debatable as to matters of fact and law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

AMPAC properly, thoroughly, and timely, investigated the plaintiff's claim under the subject insurance policy.

## FORTIETH AFFIRMATIVE DEFENSE

AMPAC affirmatively asserts that the plaintiff is guilty of bad faith.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The injuries and damages as alleged by the plaintiff were proximately caused by a new, independent and efficient intervening cause and not by any alleged wrongful conduct on the part of AMPAC

## FORTY-SECOND AFFIRMATIVE DEFENSE

AMPAC affirmatively pleads that the policy language and terms preclude coverage and adopts and incorporates by reference herein the terms, conditions and exclusions of the policy.

## FORTH-THIRD AFFIRMATIVE DEFENSE

AMPAC adopts and incorporates by reference any affirmative defense asserted by any other defendant in this matter.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

AMPAC reserves the right to amend and supplement its Affirmative Defenses as it becomes necessary due to information uncovered during discovery.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Any award of discretionary, compensatory damages for mental anguish on behalf of the Plaintiff would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental anguish. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective, standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental anguish are awarded violates the Constitution because:

      (a)    it fails to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States,

      (b)    it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution,

      (c)    it results in the imposition of different compensation for the same or similar acts and, thus, violates the equal protection clause of

the Fourteenth Amendment of the United States Constitution; and,

(d)    it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Any award of discretionary compensatory damages for mental suffering to the Plaintiff would violate the due process clause of Article One, Section 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against these Defendants, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of law.

## FORTH-SEVENTH AFFIRMATIVE DEFENSE

The awarding of discretionary, compensatory damages for physical pain and mental suffering on behalf of the Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and to give the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the

ascertainment of compensatory damages recoverable for physical pain and mental suffering. The amount of damages for such a claim is left to the sound discretion of the jury with no specific, much less objective, standards for the award. Therefore, the procedure pursuant to which compensatory damages for physical pain and mental suffering are awarded violate the Constitution for the following reasons:

(1)     It fails to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

(2)     It fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

(3)     It results in the imposition of different compensation for the same or similar acts, and thus violates the equal protection clause of the United States Constitution.

(4)     It constitutes deprivation of property without due process of law.

## **FORTY-EIGHTH AFFIRMATIVE DEFENSE**

The awarding of discretionary, compensatory damages for physical pain and mental suffering on behalf of the Plaintiff violates the due process clause of Article I, Section 6 of the Constitution of the State of Alabama on the following grounds:

(1)    It fails to provide a reasonable limit on the amount awarded against a Defendant which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

(2)    It fails to provide specific standards for the amount of the award of compensation.

(3)    It results in the imposition of different compensation for the same or similar acts.

(4)    It constitutes deprivation of property without due process of law.

## FORTY-NINTH AFFIRMATIVE DEFENSE

The plaintiff's claim of punitive damages violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating AMPAC's right of substantive due process.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the abatement statute/doctrine.

Having answered the plaintiff's allegation, AMPAC asserts the following Counterclaim against the plaintiff:

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES now American Modern Property and Casualty Insurance Company ("AMPAC") and asserts the following counterclaim against the plaintiff:

## PARTIES

1. AMPAC is a corporation engaged in the business of insurance, is incorporated in, is domiciled in, and has its principal place of business in the State of Ohio. Thus, AMPAC is a citizen of the State of Ohio. AMPAC is licensed to conduct insurance business in the State of Alabama.

2. Defendant Francine Pickett is an individual who is a citizen of Wilcox County, Alabama.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over the issues presented herein pursuant to 28 U.S.C. § 1332 because the citizenship of AMPAC and the defendant is diverse and the amount in controversy exceeds $75,000.00.

4. Jurisdiction over this matter lies pursuant to 28 U.S.C. § 2201 which provides as follows:

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare

the rights and other legal relations of any interested parties seeking such declaration, whether or not further relief is or could be sought.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (c0(2) which

    provides as follows:

> (b)        Venue in general. – A civil action may
> be brought in –
>     (2)  judicial district in which a substantial part
> of the events or omissions giving rise to the claim
> occurred …
>                    *              *              *
> (c) Residency. – For all venue purposes –
>                    *              *              *
>     (2) an entity with the capacity to sue or be sued
> in its common name under applicable law, whether
> or not incorporated, shall be deemed to reside, if a
> defendant, in any judicial district in which such
> defendant is subject to the Court's personal
> jurisdiction with respect to the civil action in
> question …

## FACTUAL ALLEGATIONS

6.  AMPAC issued a manufactured home insurance policy of insurance

    (number 102883719) to defendant Francine Pickett with effective dates of

    June 29, 2022 to June 29, 2023. A copy of the policy is attached hereto as

    Exhibit 1.

7.  The manufactured home was located in Pine Hill, Wilcox County,

    Alabama when the subject loss occurred.

8.  The manufactured home insurance policy provided dwelling coverage of $50,000 with a replacement cost settlement, $50,000 in personal property coverage with a replacement cost settlement, and Loss of Use coverage of $5000.00.

9.  On or about September 26, 2022 a fire loss occurred at the insured premises, causing damage to the manufactured home and the contents therein. The repair estimate for the manufactured home is $60,450.75 and the total of the contents destroyed by the fire and for which claim has been made totals $57,749.01.

10. Subsequent to the fire, defendant Francine Pickett made a claim for the damage to her manufactured home and the contents therein.

11. The policy issued to defendant Francine Pickett and under which she made claim was issued based on an application for insurance signed by defendant Francie Pickett on June 29, 2022. A copy of the Application is attached as Exhibit 2.

12. In response to the question about whether the applicant had similar insurance declined, cancelled, or non-renewed Ms. Pickett answered "No." In response to the question about how many days the mobile home had gone uninsured, Ms. Pickett answered "0".

13. During the claim investigation, it was discovered that the prior insurance on the manufactured home was with American Bankers Insurance Company sold by 21st Mortgage Corporation. It had become effective on March 17, 2022. A "Notice of Cancellation or Termination of Policy" was issued by American Bankers on May 16, 2022. The reason for the cancellation or termination was non-payment of premium. The termination date was May 26, 2022, approximately a month before Ms. Pickett applied for the insurance with American Modern. The body of the Notice states, "**Premium payment has not been received. Policy will cancel on the termination date listed above.**"

14. In response to the question on the application about whether defendant Francine Pickett has similar insurance declined, cancelled, or non-renewed, she responded "No". The prior insurance policy on the manufactured home, however, was cancelled on May 26, 2023. A copy of the notice of cancellation is attached hereto as Exhibit 3.

15. Directly above her signature on the application for insurance with AMPAC is the following statement: "I affirm that the information provided is true, and to the best of my knowledge that no material information has been withheld. I also confirm that the Coverages and Limits described above are the Coverages and Limits I desire."

16. Defendant Francine Pickett was provided an opportunity to review the application before she signed it. She requested no changes to the information on the application before she signed it.

17. The American Modern policy issued to Ms. Wiggins has a "Concealment Or Fraud" provision, which states that "The entire policy will be void if, whether before, during or after a loss or **occurrence**, an **insured person** has: a. Intentionally concealed or misrepresented any material fact or circumstance; b. Engaged in fraudulent conduct; or. Made false statements; relating to this insurance." [Exhibit 1, American Modern Policy for Manufactured Homes, Section I and II-Conditions, ¶3, p. 20]

18. Additionally, Ala. Code §27-14-7 (1975) provides as follows:

> (a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
> (1) Fraudulent;
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
> (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have

provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise. (b) No plea of misrepresentation or fraud in connection with the issuance of a life insurance policy or annuity contract shall be filed unless accompanied by a payment into court of all premiums paid on the policy or contract.

19. If AMPAC had known of the prior insurance cancellation and/or the fact that the manufactured home had been uninsured for a period of time prior to the issuance of the policy of insurance to defendant Francine Pickett, the insurance policy would not have been issued.

### COUNT I

20. As the information provided by defendant Francine Pickett to AMPAC on her application for the insurance effects whether the insurance policy would have been issued by AMPAC, there is a dispute between AMPAC and defendant Francine Pickett regarding whether the policy in question is void and whether the policy provides coverage for the above referenced fire loss.

21. This dispute is a justiciable controversy which should be resolved by this Court.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, AMPAC respectfully requests the following relief:

- That this Honorable Court take jurisdiction over this cause;

- That this Honorable Court declare what duties, if any, the AMPAC owes defendant Francie Pickett pursuant to the policy of insurance issued to defendant Francine Pickett or whether the policy of insurance is void and of no benefit to the defendant for the loss in question; and,

- That this Honorable Court will render such other appropriate and necessary relief to which AMPAC may be entitled.

Respectfully submitted,

Lynn Etheridge Hare (HAREL2368)
Attorney for Plaintiff American Modern
Property and Casualty Insurance Company

OF COUNSEL:
KLASING, WILLIAMSON & BURKE, P.C.
100 Concourse Parkway
East Tower, Suite 275
Birmingham, Alabama 35244
(205) 980-4733
Email: hare@harelaw.com

AMPAC HEREBY DEMANDS TRIAL BY JURY.

_(signature)_

Lynn Etheridge Hare (HAREL2368)
Attorney    for    American    Modern
Property    and    Casualty    Insurance
Company


OF COUNSEL:
KLASING, WILLIAMSON & BURKE, P.C.
100 Concourse Parkway
East Tower, Suite 275
Birmingham, Alabama 35244
(205) 980-4733
Email: hare@harelaw.com


## CERTIFICATE OF SERVICE

This is the certify that I have on this the 13th day of June, 2023 filed the foregoing pleading via the Court's electronic filing system which will send a copy of the foregoing pleading to the following:

Paul M. James, Jr.
Morgan E. Chappell
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
Montgomery, Alabama 36104
pmj@rushtonstakely.com
mchappel@rushtonstakely.com

Amanda B. Cook
Edward P. Kendall
Strickland & Kendall, LLC
2740 Zelda Road, Suite 500
Montgomery, Alabama 36106
Amanda.cook@blackbeltlawyers.com
edkendall@jurytrial.us

Daniel Weber
Scott Simpson
Simpson, McMahan, Glick & Burford
100 Concourse Parkway
Suite 310 West
Hoover, Alabama 35244
wssimpson@smgblawyers.com

OF COUNSEL